

DA 10-0164, DA 10-0165, DA 10-0166

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 220N

IN THE MATTER OF:

E.D., N.D. and S.D.,

    Youths in Need of Care.

APPEAL FROM:     District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause Nos. CDN 09-041, CDN 09-042, and CDN 09-043
Honorable Kenneth R. Neill, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Elizabeth Thomas, Attorney at Law, Missoula, Montana

    For Appellee:

        Steve Bullock, Montana Attorney General, Mark Mattioli, Assistant Attorney General, Helena, Montana

        Sarah Corbally, Assistant Attorney General, Great Falls, Montana

        John Parker, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs: September 29, 2010

Decided: October 20, 2010

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 D.D. is the biological father of two daughters, E.D., currently 6 years old and S.D., currently 9 years old. He is also the biological father of N.D., a 12-year-old boy. In March 2010, the Eighth Judicial District Court terminated his parental rights to these children. He appeals this ruling. We affirm.

## ISSUE

¶3 A restatement of the issue on appeal is whether the District Court abused its discretion when it terminated D.D.'s parental rights.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 On April 16, 2009, the Department of Public Health and Human Services (DPHHS or the Department) received a report that E.D., N.D. and S.D. were being, or had been, abused or neglected. An extensive investigation was conducted over several days resulting in the removal of the children from their parents on May 7, 2009. The children were placed with their maternal grandparents. Subsequently, on May 12, 2009, DPHHS filed petitions for emergency protective services for each of these children. The Department also sought to have the children adjudicated youths in need of care and to

2

obtain temporary legal custody over them. On May 15, the District Court granted protective services and ordered a show cause hearing on May 26. The order also indicated that a guardian ad litem and appropriate counsel for the parents be appointed. At the May 26 hearing the children were adjudicated youths in need of care. The court issued its order on June 10, 2009.

¶5 Subsequently, in November 2009, DPHHS petitioned for termination of D.D.'s parental rights under § 41-3-609(1)(d), MCA, on the grounds that D.D. had subjected at least one of the children to aggravated circumstances, as set forth in § 41-3-423(2)(a)-(e), MCA. On March 1, 2010, the District Court made numerous pertinent factual findings before concluding DPHHS was not required to make reasonable efforts to reunify the children with their father. The court then terminated D.D.'s parental rights. D.D. appeals.

## STANDARD OF REVIEW

¶6 This Court reviews a district court's order on termination of parental rights for an abuse of discretion. *In re C.M.C.*, 2009 MT 153, ¶ 19, 350 Mont. 391, 208 P.3d 809 (citation omitted).

## DISCUSSION

¶7 D.D. argues on appeal that the District Court's decision to terminate his parental rights was not supported by clear and convincing evidence. He also asserts that termination was unnecessary as other viable options existed to achieve permanency for the children. The State counters that substantial evidence was presented to support the court's determination that the Father's rights should be terminated based upon his lengthy

3

history of sexual predilections and "aggravating circumstances" surrounding his relationship with his daughters. Moreover, the State notes that under § 41-3-445(8), MCA, it was not statutorily required to seek less permanent guardianship arrangements when valid permanent adoption arrangements are available.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. Our review of the record indicates that the court's findings are clearly supported by the evidence presented in this case. Additionally, the court's legal conclusions are supported by Montana law. We conclude there was no abuse of judicial discretion.

¶9     We affirm.

/S/ PATRICIA COTTER

We concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ MICHAEL E WHEAT
/S/ JIM RICE

4